Javier CONTRERAS–MAGANA,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 11–72939.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2013.*

Filed July 31, 2013.

Howard James Mcclure, Esquire, Howard J. McClure, Esq., Oxnard, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Edward Earl Wiggers, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

MEMORANDUM **

Javier Contreras–Magana, a native and citizen of Mexico, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision of an immigration judge ("IJ") denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo due process and equal protection claims. *Cruz Rendon v. Holder,* 603 F.3d 1104, 1109 (9th Cir.2010). We deny in part and dismiss in part the petition for review.

The IJ did not abuse his discretion by not continuing Contreras–Magana's merits hearing, because Contreras–Magana did not request a continuance of that hearing, his counsel confirmed that he was prepared to proceed with the case, and the IJ had granted Contreras–Magana's request for a 3–month continuance at the previous hearing. *See Ahmed v. Holder,* 569 F.3d 1009, 1012 (9th Cir.2009) ("[A] denial of a continuance . . . must be evaluated on a case by case basis . . . ."); *cf. United*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

States v. Hernandez–Valenzuela, 932 F.2d 803, 804 (9th Cir.1991) ("Appellant cannot now claim that the district court abused its discretion in failing to grant a continuance that was never requested.").

The IJ did not violate Contreras–Magana's right to due process or equal protection by not continuing the hearing, because Contreras–Magana did not request a continuance, received a full and fair hearing, and has not demonstrated that his treatment differed from that of similarly situated persons. See Gutierrez v. Holder, 662 F.3d 1083, 1090 n. 11 (9th Cir.2011); Hammad v. Holder, 603 F.3d 536, 546 (9th Cir.2010); Vargas–Hernandez v. Gonzales, 497 F.3d 919, 926–27 (9th Cir.2007).

We lack jurisdiction to review the BIA's discretionary determination that Contreras–Magana failed to demonstrate the requisite hardship for cancellation of removal. See Vilchiz–Soto v. Holder, 688 F.3d 642, 644 (9th Cir.2012) (order).

We also lack jurisdiction to consider Contreras–Magana's contention that his case warrants a favorable exercise of prosecutorial discretion. See id.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.